# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA

John Chmielewski
4581 North 250 West
Winamac, Indiana  46966

     Plaintiff

v.

TUBE CITY IMS, LLC
1155 Business Center Drive
Horsham, PA  19044

     Defendant

**Civil Action No.**

= FILED =

JUN 2 7 2016

At _____ M
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## CLAIM

Comes now Plaintiff Pro Se, John Chmielewski, (hereinafter "Plaintiff"), by special appearance only, a non-corporate, living soul and domiciled in the state of Indiana, being one of the united fifty states in the constitutional republic known as The United States of America, and brings this suit against his employer, a corporation known as Tube City IMS, LLC (hereinafter "Defendant") for violation of Plaintiff's constitutional right to due process under the Fifth Amendment of the United States Constitution and his right to be secure in his person and his effects, including his paycheck for his labor under the Fourth Amendment of the Constitution. This Court has jurisdiction in this matter under Title 28, United States Code Section 1331. Venue rests with this Court in that Plaintiff lives in Pulaski County, state of Indiana being one of the fifty states of our union of fifty states and also works within the territorial boundaries of the jurisdiction of this Court. Plaintiff further brings claim before this Court pleading the protection of all his living soul constitutional and common law rights under the provisions of the Uniform Commercial Code and its various and sundry provisions, including in particular UCC 1-308 which reads as follows:

**UCC 1-308:**

(a) A party (1/ucc/1-1-201#Party) that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved.  Such words as "without prejudice", "under protest", or the like are sufficient.

In consideration whereof, Plaintiff claims herein, as a <u>flesh and blood individual living soul,</u> the protection of the common law against theft by wrongful abstraction of a portion of Plaintiff's most precious of his personal property, being his compensation for his labor, known otherwise as his paycheck.  Plaintiff further states and claims, as such flesh and blood individual living soul that he is not, nor has he ever been, a corporation nor has he ever held corporate or commercial legal status and thereby subject to the unrevealed contractual provisions of commercial law which Defendant may plead as their authority to interfere in Plaintiff's choice of EXEMPT on  his W-4 Withholding Allowance Certificate.

Plaintiff further claims the commercial remedy and recourse provisions of UCC 1-308, including his reservation of all his rights, without prejudice, to restore and charge, under the Bill of Rights and common law, the authority of this Court that the Defendant, in criminal collusion with the corporate Internal Revenue Service, had fraudulently assumed an undisclosed, unlawful and unrevealed commercial, corporate status applicable to Plaintiff by reason of his forced (to gain employment) signature on the W-4 Withholding Allowance Certificate as stated herein.  Such corporate status assumption by Defendant is denied by the Plaintiff under UCC 1-308 which denial Plaintiff contends obligates this Court to rule in this action under the provisions of said UCC 1-308 including the U.S. Constitution and the common law as pleaded by Plaintiff hereinafter.

<u>STATEMENT OF THE CASE</u>
<u>FOURTH AMENDMENT SECURITY AGAINST</u>
<u>UNREASONABLE SEIZURE AND</u>
<u>FIFTH AMENDMENT DUE PROCESS</u>

On March 25, 2015, Plaintiff, in compliance as required by Defendant as a prerequisite of employment, completed, signed and submitted to Defendant's Payroll Department a W-4 Employee's Withholding Allowance Certificate (Exhibit "A" attached).  On this form Plaintiff elected and entered, based on his own research, knowledge and of his own volition, Option #7 EXEMPT which election Plaintiff contends that, as a non-corporate, living soul, domiciled in the state of Indiana, was and is, his absolute constitutional right in keeping with UCC 1-308, the due process clause of the Fifth Amendment and his Fourth Amendment right to be secure against unlawful and unreasonable seizure of the most precious of his personal effects as is  his compensation for his labor being his weekly paycheck.  Plaintiff was and is fully aware that, by his voluntary, signed election of said Option #7 EXEMPT on the W-4 certificate the two conditions consistent with such election as stated on the W-4 certificate included his certification under penalties of perjury that, during the preceding year (2014) and the then-current year (2015) he had no income tax liability and expected a refund of all income tax withheld for those years.  Plaintiff calls to the attention of this Honorable Court his inalienable constitutional, independent right in keeping with his non-corporate, living soul legal status under UCC 1-308, as stated in the first paragraph of this pleading, to plead to this Court this Plaintiff's protection of both the security provisions of the Fourth Amendment and the due process clause of the Fifth Amendment to the Constitution of these fifty states of our constitutional republic, and to thereby make, of his own volition, whatever election from those several options listed and available to him in the wording on the W-4 certificate that he alone determined is in keeping with his defined flesh and blood, individual, non-corporate living-soul, non-taxpayer legal status, and to do so without interference or direction by his employer or any other party.  This Plaintiff's non-taxpayer, legal status, consistent with UCC 1-308, has been further confirmed by his AFFIDAVIT OF REVOCATION & RESCISSION (Exhibit "B" attached) which affidavit is significantly dated March 16, 2015, nine

3

days prior to the date (March 25, 2015) of his signed W-4 Withholding Allowance Certificate and significantly signed in conformity with his reservation of rights under UCC 1-308.

Plaintiff also contends that his personal legal status may be further defined as a living soul domiciled in the state of Indiana which also gives him the protection of the statutory law in Chapter 24 of the I.R. Code relating to voluntary withholding of income tax, and that such statutory law includes his right to independently choose whichever of the listed available options shown on the W-4 certificate that he alone determines meets his personal, non-corporate, legal status as respects income tax imposed in Sub-Title A of Title 26 United States Code, and that his choice of Option #7 EXEMPT was and is consistent with that independent, personal right which prohibits interference by any other party, including his employer.

This Court's special attention is called to the fact that Plaintiff's individual, constitutional Fifth Amendment due process optional election right on his W-4 certificate is further statutorily confirmed by Internal Revenue Code Section 3402(n) of Title 26, United States Code relating to income tax (Exhibit "C" attached) which Code Section contains the identical wording as those, like Plaintiff, electing Option #7 EXEMPT on the W-4 Withholding Allowance Certificate.

I.R. Code Section 3402(n) reads as follows:

**(n) Employees incurring no income tax liability**
**Notwithstanding any other provision of this section, an employer shall**
**Not be required to deduct and withhold any tax under this chapter upon**
**A payment of wages to an employee if there is in effect with respect to**
**Such payment a withholding exemption certificate (in such form and**
**Containing such other information as the Secretary may prescribe)**
**Furnished to the employer by the employee certifying that the employee-**
**(1) incurred no liability for income tax imposed under subtitle A for his**
**preceding taxable year, and**
**(2) anticipated that he will incur no liability for income tax imposed under**
**subtitle A for his current taxable year. The Secretary shall by regulations**
**provide for the coordination of the provisions of this subsection with the**
**provisions of subsection (f).**

Plaintiff further reminds this Court that, because of due process, income tax withholding must be voluntary for living soul workers, like Plaintiff, who live in one of the fifty states of our

4

constitutional republic and who, as such living souls who live in one of the fifty states of our constitutional republic, are protected by our Constitution as is this Plaintiff against imposition of any direct, unapportioned income tax by Article 1, Section 2, Clause 3 and Article 1, Section 9, Clause 4 of our Constitution, and, as further stated by and in this Plaintiff's AFFIDAVIT OF REVOCATION & RESCISSION (Exhibit "B" attached).

As will be shown hereafter, the provisions of I.R. Code Section 3402(a) of withholding Chapter 24 of the I.R. Code do not apply to this Plaintiff because they relate only to employees who receive compensation for their services in the form of "wages", which is a term applicable under the provisions of I.R. Code Section 1402(d), only to persons living and working in of one of the four island possessions of Puerto Rico, the Virgin Islands, Guam and American Samoa, which legislative democracy does not include Plaintiff. Plaintiff claims that his constitutional, Fifth Amendment due process requires that either a court order or signed permission by this Plaintiff on the W-4 certificate is required before any election or any change on the W-4 certificate at all can commence and that no such permission to withhold has been granted by Plaintiff which is consistent with his EXEMPT election on the W-4 certificate and that, in fact, his EXEMPT election by the meaning of the term "EXEMPT" specifically prohibits any withholding. This truth that all withholding must be voluntary for those living in one of the fifty states of our union who have the protection of constitutional due process is even further proved and acknowledged in I.R. Code Section 3402(p)(3)(A) and (B) statutorily authorizing voluntary withholding. Plaintiff contends that Sub-Section 3402(p)(3)(B) is the only Sub-Code Section of Section 3402 that could apply to him because he is not a government employee, nor does he live on any government-owned real property. This voluntary withholding authority Code Section 3402(p) includes several sub-sections thereunder and reads as follows:

**Sec. 3402. Income tax collected at source.**
**(p)  Voluntary withholding agreements.**
**(1)  Certain Federal Payments**
    **(A)  In general**

5

If, at the time a specified <u>federal</u> payment is made to any person, a **request** by such person is in effect that such payment be subject to withholding under this chapter, then for purposes of this chapter and so much of subtitle F as relates to this chapter, such payment shall be treated as if it were a payment of wages by an employer to an employee.

**(B) Amount withheld**

The amount to be deducted and withheld under this chapter from any payment to which any **request** under subparagraph (A) applies shall be an amount equal to the percentage of such payment specified in such **request**. Such a **request** shall apply to any payment only if the percentage specified is 7 percent, any percentage applicable to any of the 3 lowest income brackets in the table under section 1(c), or such other percentage as is permitted under regulations prescribed by the Secretary.

**(C) Specified Federal payments**

For purposes of this paragraph, the term "specified" Federal Payment" means-

(i) any payment of a social security benefit (as defined in section 86(d),

(ii) any payment referred to in the second sentence of section 451(d) which is treated as insurance proceeds,

(iii) any amount which is includible in gross income under section 77(a), and

(iv) any other payment made pursuant to Federal law which is Specified by the Secretary for purposes of this paragraph.

**(D) <u>Requests</u> for withholding**

Rules similar to the rules that apply to annuities under subsection (o)(4) shall apply to <u>requests</u> under this paragraph and paragraph (2).

**(2) <u>Voluntary withholding</u> on employment benefits**

If, at the time a payment of unemployment compensation (as defined in section 85(b) is made to any person, a **request** by such person is in effect <u>that such payment be subject to withholding</u> under this chapter, then for purposes of this chapter and so much of subtitle F as relates to t his chapter, such payment shall be treated as if it were a payment of wages by an employer to an employee. The amount of be deducted and withheld under this chapter from any payment to which any **request** under this paragraph applies shall be an amount equal to 10 percent of such payment.

**(3) Authority for <u>other voluntary withholding</u>.**

<u>The Secretary is authorized by regulations to provide for withholding</u> –

(A) from <u>remuneration for services</u> performed by an <u>employee</u> for the employee's <u>employer</u> which (without regard to this paragraph) does <u>not</u> constitute <u>wages</u>, and

(B) from <u>any other type of payment</u> with respect to which the Secretary finds that withholding would be appropriate under the provisions of this chapter, **if the employer and employee, or the person making and the person receiving such other type of payment, agree to such withholding.**

6

Such **agreement** shall be in such form and manner as the Secretary may by regulations prescribe. For purposes of this chapter (and so much of sub-title F as relates to this chapter), **remuneration or other payments** with respect to which such **agreement** is made shall be treated as if they were wages paid by an employer to an employee to the extent that such remuneration is paid or other payments are made during the period for which the **agreement** is in effect. (emphasis added)

Your Honor's attention to the bold and/or underlined wording quoted above in Sub-Sections 3402(p)(1), (2) and (3) shows the necessity of a "request" by the employee for withholding six times to voluntarily validate its provision! And then, Sub-Section (p)(3) unequivocally shows in its heading "voluntary withholding agreements" and "authority for other voluntary withholding", both of which sub-sections confirm the voluntary nature of all withholding.

Sub-Section 3(A) of Code Section 3402 above is clearly applicable only to government employees and the federal government because of the definitions of the terms "employee" and "employer" as defined in I.R. Code Sections 3401(c) and (d), respectively which, although not quoted here for sake of brevity, defines "employee" as a federal government worker, and "employer" as the federal or state government. As a non-government employee, Plaintiff's compensation for his labor received from the Defendant falls directly and only within the meaning of Sub-Section 3402(p)(3)(B), quoted above, wherein the Defendant, as a non-government private employer, in this action is included within the meaning of the term "person making", and Plaintiff, as a non-government employee, falls within the meaning of the term "person receiving", as used in said Sub-Section 3402(p)(3)(B).

Notwithstanding all of the foregoing, what is most important for your Honor's observation is that this Code Section 3402(p)(3) in the sections underlined for emphasis is replete with wording from beginning to end which shows, in accordance with the existence of due process in the Fifth Amendment and its confirming Code Section 3402(n) (Exhibit "C" attached), the

7

necessary totally voluntary constitutional and statutory nature of all withholding for those like this Plaintiff who live in one of the fifty sovereign states of our constitutional republic.

All of the above citation and analysis of Code Section 3402(p)(3)(A) and (B) proves that, along with the Fifth Amendment due process constitutional requirement and its confirming Code Section 3402(n), there can be, and there is no statutory requirement for any living soul residing in one of our fifty states of our constitutional republic such as this Plaintiff to complete any W-4 Withholding Allowance Certificate at all.  This Plaintiff charges that Defendant, by requiring, at merely the request of the IRS, that their employees complete the W-4 certificate is knowingly and fraudulently attempting to force the hireling-signer of the W-4 into an unrevealed and unwanted corporate legal status of "taxpayer", as respects income tax, which status Plaintiff has denied in detail, as stated in his AFFIDAVIT OF REVOCATION & RESCISSION (Exhibit "B" attached) and which status Plaintiff contends does not, nor has it ever applied to him.  Plaintiff charges that Defendant's compliance with an obviously unlawful order from and at the direction of the IRS creates criminal collusion by both the corporate Defendant and the corporate IRS and should e identified as unlawful and reprehensible by this Court.  Employers must be held equally responsible for damages caused by this compliance with unlawful requests by government agencies like the IRS which is at issue in the case at bar.  Also, a proven voluntary program cannot simultaneously be compulsory.  Accordingly, such a W-4 completion requirement order by the Defendant or the IRS is without lawful authority for all workers, like Plaintiff, who live in one of the fifty states of our constitutional republic.

Of both historic and legislative interest, Congress FIRST enacted a voluntary withholding program in the winter of 1942 at the start of World War II in order to make it easy for war-worker employees to prepay the newly-passed so-called VICTORY TAX.  This tax was, in fact (and still is), an unconstitutional, direct tax that was cleverly and fraudulently SOLD to the public by government war propaganda as though it was lawful, despite its prohibition by Article 1, Section 2,

8

Clause 3 and Article 1, Section 9, Clause 4 of our Constitution, because it was, when enacted, and still is today, both direct and unapportioned. By enacting withholding, Congress made voluntary payment of the unconstitutional VICTORY tax in small weekly, bi-weekly or monthly payments much easier for all workers who patriotically and gratefully paid the tax in support of the war effort. Plaintiff has researched the law and determined long ago that he is not, and never has been, a lawful "taxpayer" as that term is defined in Sub-Title A of title 26 of the Internal Revenue Code relating to income tax. Therefore, Plaintiff's election of Option #7 EXEMPT on the W-4 certificate is also in full keeping with his right under the security provision of the Fourth Amendment and the Fifth Amendment due process to declare his living soul, non-taxpayer legal status as respects income tax which he has also affirmed in his AFFIDAVIT OF REVOCATION & RESCISSION which is on file as a public information document available for review by this Honorable Court at www.getnotice.info/jctc.html under Document No. JCTCARR0001 (See Exhibit "B" attached). Whether Plaintiff is correct or incorrect in his non-taxpayer opinion, as claimed in his affidavit, is irrelevant to the issue at bar. The requested ruling of this Court by Plaintiff is a Fourth Amendment paycheck security and a Fifth Amendment due process violation and not a tax issue. Defendant's voluntary election of Option #7 EXEMPT deals only with his Fifth Amendment due process right to express his fully-researched conclusion by his election of EXEMPT on his W-4 certificate in which he pledges, under penalty of perjury, that he has no liability for tax in the previous year or in the year to come. Should the IRS disagree with his position as stated on his W-4 certificate and on his affidavit, they have the statutory authority to challenge Plaintiff's EXEMPT decision, and if the government determines administratively or in a court of law that Plaintiff was wrong in his EXEMPT election, the IRS, through the Justice Department, has the statutory authority to demand that he file and pay the tax which they contend was lawfully due and/or to prosecute him for either perjury for his EXEMPT claim on his W-4

9

certificate or to criminally prosecute him for willful failure to file a tax return at year's end, or both. This Plaintiff stands ready to combat any such potential challenge by government.

To repeat for emphasis, Plaintiff requests again that your Honor simply examine the clear, revealing wording in Code Section 3402(n) as well as in the statutory withholding I.R. Code Section 3402(p)(3)(B) (quoted herein) and the regulation therefore 31.3402(p) (Exhibit "D" attached), all proving that voluntary agreement between the employee and his employer is required for completion of the W-4 certificate. The many entries contained therein which are underlined and/or bolded are replete with wording such as "employee who desires to enter into an agreement", "request for withholding" and many others. Anything "voluntary" is "optional" or "non-compulsory".

It should go without saying that established American jurisprudence directly connects and confirms the existence of Code Section 3402(n) (Exhibit "C") previously discussed with this Plaintiff's election of Option #7 on his W-4 certificate. Due process jurisprudence further states that, without either a court order or signed written permission by the Plaintiff on the W-4 certificate, no withholding at all is lawful. It is therefore true that, should any state-domiciled-employee who is protected by UCC 1-308, such as Plaintiff, and, hence, protected by Fourth Amendment constitutional paycheck security and Fifth Amendment due process security wish to totally forego voluntary withholding entirely at any time, it is his absolute due process right to do so without being required by any other party including an IRS instruction (not a statutory law) addressed to his employer to unlawfully force Plaintiff's participation in a totally voluntary early-tax collection program. Plaintiff contends that his employer should have recognized that the unlawful directive they received from the IRS, as though it was law, had, in fact, no force of law and should, therefore, have been ignored as was requested without response by this Plaintiff (Exhibit "E" attached) in a letter to Defendant's Payroll Specialist Nick Van Dohlen with a copy to Judy Laurito, also an employee in Defendant's payroll department.

10

This Plaintiff acknowledges that the voluntary tax withholding pre-payment plan is an admittedly sensible and convenient early tax collection method for a majority of self-admitted "taxpayers" who might elect, of their own volition, to take advantage of it. However, this group of many admitted "taxpayers", being those who acknowledge existence of one or more Code Sections that create the essential liability for tax does not include Plaintiff, nor does it include those self-admitted "taxpayers" who, independently, have the discipline to set aside and possibly invest that portion of their paycheck that they alone deem advisable for saving of any future tax obligations they may have at the end of each calendar year. As previously stated, because of due process, all withholding must be and is voluntary for state-domiciled-living souls like Plaintiff. For those, unlike Plaintiff, who live outside one of our union of fifty states, such as in the District of Columbia, one of our nation's four island possessions or inside one of the federal enclaves within one or more of the states of our union, the constitutional protection of paycheck security or due process is not applicable within that corporate legislative democracy. However, this possible residential restriction does not apply to this Plaintiff or to any other state-domiciled-employee who, like Plaintiff, live in one of the fifty states of our constitutional republic and, therefore, cannot lawfully be constitutionally required to complete and file any W-4 certificate at all.

However, acting only at the REQUEST (not in compliance with any law) of the IRS, most, if not all, employers, including this Defendant, unlawfully ignore due process for all employees by requiring all of them to complete a W-4 certificate including those, like this Plaintiff, who, through their own research, know and understand their non-taxpayer legal status and have affirmed such status by affidavit as has this Plaintiff. Those non-taxpayers, like this Plaintiff, are lawfully entitled to claim Option #7 EXEMPT on the W-4 which is, for them, the only legally correct

11

choice and for all such non-taxpayer employees who must, as a prerequisite of employment, elect one of the options shown on the W-4 certificate.

To ALLOW is to PERMIT, so the word ALLOWANCE, in and of itself on the W-4, proves that all withholding is VOLUNTARY. This W-4 completion requirement by employers also leaves those self-admitted "taxpayer" employees who have no desire to participate in the voluntary withholding program in a quandary because Option #7 EXEMPT applies only to self-determined non-taxpayers like Plaintiff. However, for those admitted "taxpayer" employees who believe their earnings are taxable, but at the same time do not wish to participate in the voluntary tax withholding program, the omission on the W-4 certificate of an election option for that simple decision by the taxpayer/employee creates a distinct violation of due process by both the employer and the IRS (who designed the W-4) in that the W-4 certificate wording unlawfully forces all admitted "taxpayer" employees to participate in mandatory withholding, whether or not they want to do so. The proper solution to this dilemma would be for the W-4 certificate to be amended to offer an additional, but constitutionally-necessary option, whereby both self-admitted "taxpayers" and "non-taxpayers" living in one of the fifty states of the union have an opportunity to simply exercise their constitutional due process and paycheck security rights to elect not to participate in the voluntary tax withholding program at all. The IRS' deceptive design of the W-4 certificate which unconstitutionally omits an election option for any employee to simply decline to participate in the program should be corrected by court order because it is an egregious violation of every constitutionally-protected employee's right to due process. The IRS' unlawful demand of all employers that all their employees complete and file the W-4 certificate, as now deceptively written by the IRS, without a simple option to reject all voluntary withholding is a violation of both common sense as well as common law-if it's voluntary (which has previously been proved in this pleading) it can't be compulsory.

12

**FACTS OF THE CASE**

On or about November 13, 2015, Plaintiff received a letter identified as No. 2801C from the Austin, Texas office of the Internal Revenue Service (Exhibit "G" attached) which letter informed Plaintiff that they (the IRS) had sent Defendant a so-called "Lock-In Letter" which letter merely requested by use of the term "instructed" (not ordered) Defendant to begin withholding income tax on Plaintiff's W-4 Withholding Allowance Certificate on the basis of a single marital status with "0" withholding allowances. The letter further "instructed" (again no law [Code Section] authorizing the "instruction") Defendant to disregard Plaintiff's then-current W-4 EXEMPT voluntary election on the W-4 certificate and also not to honor any other new W-4 certificate form completed by Plaintiff unless such form resulted in more withholding than that which was determined by application of the "0" withholding allowance as stated above. It is vitally important for this Court to note that this letter (Exhibit "G" attached) cites no (zero) statutory authority to permit any change by the IRS in the optional selection of EXEMPT on his W-4 Certificate by this Plaintiff. Rather, the letter to Plaintiff only suggested, by use of the phrase "instructing your employer to begin withholding income tax from your wages…" that their directive to the Defendant to start withholding had some unidentified legal authority to overcome Plaintiff's exclusive option selection of EXEMPT on his W-4. Hence, Plaintiff contends that Defendant should have recognized that the IRS's so-called "Lock-In-Letter" was merely a "request" or "suggestion" that had no legal substance and in the interest of their valued employee should have been ignored rather than obeyed. This absence of any statutory (Code Section) change-authority in the IRS letter (Exhibit "F" attached) is in keeping with the previously stated inability of the IRS to lawfully change Plaintiff's EXEMPT option choice.

Plaintiff suggests that your Honor is no doubt familiar with the so-called Clearfield Doctrine (Clearfield Trust v. United States, 318 U.S. 363 (1943). This Supreme Court doctrine states that governments or their agencies (such as the IRS) cannot compel performance to or

obedience of their own corporate statues or corporate rules without being a "holder-in-due-course" of a written contract or agreement under the Law of Contracts which does not exist in the case at bar because the W-4 Withholding Allowance Certificate lacks the essential elements of a two-party agreement. This is so because it contains only one signature, being that of the Plaintiff-employee. Hence, in the absence of a conventional two-party contract, both the Defendant-employer-corporation, as well as the Internal Revenue Service, Inc. must adhere specifically to all statutory law and regulations in Title 26, United States Code, and to the Uniform Commercial Code as well. This means that any unrevealed authority, either written or assumed to deny or otherwise make ineffective Plaintiff's EXEMPT election on his W-4 Withholding Allowance Certificate would be a violation of the UCC. Such a violation clearly exists in the instant action which calls for an immediate remedial order by this Court as called for by this Plaintiff herein and hereafter.

Your Honor's attention to the Fifth Amendment law of due process which is directly applicable to the issue involved in this case is now also called by reference to *Black's Law Dictionary, 5th Edition* which states as follows:

> **Due process clause**. *Two such clauses are found in the U.S. Constitution, one in the Fifth Amendment pertaining to the federal government, the other in the Fourteenth Amendment which protects persons from state actions. there are two aspects: procedural, in which a person is guaranteed fair procedure, and substantive which protects a person's property from unfair governmental interference.*
>
> **Due process of law**. *Law in its regular course of administration through courts of justice...A course of legal proceedings according to those rules and principles which have been established in our systems of jurisprudence or the enforcement and protection of private rights. To give such proceedings any validity there must be a tribunal [1] by its constitution-that is, by the law of its*

14

creation-to pass upon the subject matter of the suit; and, if that involves merely a determination of the personal liability of the defendant, he must be brought within its jurisdiction by service of process within the state, or his voluntary appearance...[1-U.S. District Court]

An orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to h ear and determine the case. Kazubowski v. Kazubowski, 45 Ill. 2nd 405, 259 N.E. 2nd, 282, 290. A phrase means that no person shall be deprived of life, liberty, property or of any rights granted him by statute, unless matter involved first shall have been adjudicated against him upon trial conducted according to established rule regulating judicial proceedings, and it forbids condemnation without a hearing. Petit v. Penn., LA. App., 180 So. 2d 66, 69

...The essential elements of due process of law are notice and opportunity to be heard and to defend in orderly proceedings adapted to nature of case, and the guarantee of due process requires that every man have protection of day in court and benefit of general law. DiMaio v. Reid, 132 N.J.L. 17, 37 A2d 829, 830.

Daniel Webster defined this phrase to mean a law which hears before it condemns, which proceeds on inquiry and renders judgment only after trial. Wichita Council 120 of Security Ben Ass'n. v. Security Ben Ass'n. 138 Kan. 841, 28 P2d 976, 980, J.B. Barnes Drilling Co. v. Phillips, 166 Okl. 154, 26 F2d 766

This constitutional guaranty demands only that law shall not be unreasonable,

15

*arbitrary or capricious and that means selected shall have real and substantial*

*relations to object.* *Nebbia v. People of State of NY*, *291 U.S. 502.*

**Due process rights.** *All rights which are of such fundamental importance as*

*to require compliance with due process standards of fairness and justice.*

**Substantive due process.** *Such may be broadly defined as the constitutional*

*guarantee that no person shall be arbitrarily deprived of his life, liberty*

*or property the essence of substantive due process is protection from*

*arbitrary and unreasonable action.* *Babineaux v. Judicary Commission,*

*La. 341 So. 2d 392, 400.* (emphasis added)

**Substantive rights.** *A right to the equal enjoyment of fundamental rights,*

*Privileges and immunities; distinguished from procedural rights.*

The above quotations from *Black's Law Dictionary, 5th Edition* are exactly on point in the instant action. It should go without saying that this Plaintiff's inalienable constitutional right to due process as defined in Black's Law Dictionary, as stated above, and the statutory law as a non-corporate living-soul domiciled in the state of Indiana as defined in Code Section 3402(p)(3)(B) and its implementing regulation, and the confirming statute in I.R. Code Section 3402(n) (Exhibit "C" attached), of his Option 7 EXEMPT election on his W-4 certificate are all in full support of Plaintiff's plea to this Court. Nothing is more sacrosanct to any state-domiciled-citizen of one of the fifty united states of our constitutional republic, such as this Plaintiff, than his absolute God-given constitutional right to retain 100% of the fruits of his labor in keeping with his Fourth Amendment paycheck security and his Fifth Amendment right to due process of law which are the sole subjects of this pleading. This claim is NOT a tax issue; it is a claim against larceny of Plaintiff's compensation for his labor.

Plaintiff pleads that the very nature of the W-4 Withholding ALLOWANCE Certificate in all its wording defines it, at best, as a two-party voluntary agreement between Plaintiff and his

16

employer only. No other party, including both the employer and the Internal Revenue Service, have any lawful authority to amend, modify or change in any way the optional election on the voluntary agreement which is signed only by the Plaintiff. Therefore, the agreement may be changed, amended or modified only by the Plaintiff signer/employee identified thereon. Plaintiff contends that Defendant should have been equally aware that the W-4 Withholding Allowance Certificate is, indeed, a special type of two-party only agreement which does not permit change or interference in the selection of any option thereon by any party (including the Defendant) other than the employee-signer of the agreement. The Defendant's obligation in the agreement is limited only to implementation of whatever election is made by the employee on the certificate. Consequently, Plaintiff's election of Option #7 EXEMPT on the W-4 certificate forbids ANY deduction or withholding at all from Plaintiff's agreed compensation for his labor without his written authority, and no such authority has ever been given by Plaintiff to Defendant. In consideration whereof, Plaintiff charges that such withholding deductions constitute simple theft, larceny or wrongful abstraction of a substantial portion of the most precious of Plaintiff's Fourth Amendment personal effects property, being his paycheck for his labor.

Upon inquiry by the Plaintiff of the identity of any unstated and unrevealed statutory or contractual authority under which the IRS alleges they had such unstated interference authority, the IRS response (Exhibit "H" attached) first cited, in general, the existence of the so-called, but misnamed, Withholding Compliance Program which cites no law but only detail of the voluntary Withholding Compliance Program which Plaintiff has already proved earlier in this pleading is a totally voluntary early tax collection program for voluntary use by the employer and the employee only, and, for that reason alone, the program prohibits any interference or direction in its provisions by the unnamed IRS. Consequently, all of the several other Code Sections cited in the IRS' response to this Plaintiff (Exhibit "H" attached) would be applicable only if the IRS had been specifically included in and on the W-4 certificate as a third-party with some stated directive-

17

authority to overcome the employee's sole optional election authority on the W-4 certificate, and this is not the case, as no such authority appears on either the W-4 or any separate document relative thereto.

The employer's name, address and their IRS I.D. number appear on line 8 of the W-4 certificate (Exhibit "A" attached), but no signature by the employer is requested or shown thereon (See Exhibit A"). Plaintiff contends, therefore, that "agreement" rather than "contract" best defines the W-4 Withholding ALLOWANCE Certificate because of the lack of a signature by or for the employer on the certificate. Plaintiff contends that no other party, including both his employer and the Internal Revenue Service, has any authority to amend, modify or change in any way the EXEMPT election that Plaintiff, as the only signer, on the voluntary agreement, chose of his own volition. In support thereof, Plaintiff again pleads the Court-required protection of UCC 1-308 reserving all rights, statutorily and by common law as well as the Constitution.

Plaintiff further contends that Defendant is, or at least should have been aware of the fact that the W-4 Withholding ALLOWANCE Certificate is, indeed, a two-party only agreement which does not permit interference in its provisions by any other unnamed party, including the Internal Revenue Service. Consequently, compliance by the Defendant with an obviously unlawful order by a third party to assert some non-existent and unstated lawful authority to change Plaintiff's optional election in the two-party only agreement is, on its face, clearly unlawful creating loss of a substantial portion of Plaintiff's compensation for his labor which continues weekly as detailed in the REQUEST OF THE COURT following.

## REQUEST OF THE COURT

Plaintiff pleads that this Court also has subject matter jurisdiction to rule on this claim pursuant to and in accordance with the provisions of the Uniform Commercial Code, in particular UCC 1-308. Consistent therewith Plaintiff contends this Court is obligated by the provisions of the UCC, as stated herein, to acknowledge and apply the provisions of the U.S. Constitution, including

18

the Fourth and Fifth Amendments thereunder, the common law and the statutory law as enacted by Congress in Chapter 24 of Title 26, United States Code on voluntary withholding of income tax imposed thereunder.

In conformity with such obligations of this Court, Plaintiff pleads this Court order Defendant to both currently and retroactively honor and obey Plaintiff's Option 7 EXEMPT election he chose on his W-4 Withholding Allowance Certificate dated March 25, 2015 and to order return to Plaintiff, with interest, computed as this Court may direct, all deductions from his paycheck for services performed by Plaintiff for Defendant that Defendant has made since the first unlawful deduction was made on January 15, 2016 and is continuing to make weekly to date plus all legal expenses incurred by Plaintiff in connection with this lawsuit.

Plaintiff further suggests to this Court that all relevant facts in this suit, as stated herein, are fully supported both herein and in Exhibits "A" through "G" and, therefore, a jury trial is not necessary or appropriate. Rather, your Honor's sole authority to rule on the applicable law in this claim makes the Plaintiff's plea for a ruling by this Court alone appropriate and Plaintiff pleads accordingly, as requested in the attached Motion for Summary Judgment.

Respectfully submitted,

_John Chmielewski_

John Chmielewski
Plaintiff Pro Se
All Rights Reserved
UCC 1-308

## SERVICE OF PROCESS

**I HEREBY CERTIFY** that on this __16th__ day of __June__ , 20__16__ I hired and paid Seagull Legal Services, Inc., P.O. Box 1706, Southhampton, PA 18966 for service of process on Defendant, Tube City IMS, LLC, 1155 Business Center Drive, Horsham, PA 19044, confirmation thereof to follow.

_John Chmielewski_

John Chmielewski

19