# United States District Court
# Northern District of Indiana

JOHN CHMIELEWSKI,

        Plaintiff,

        v.

TMS INTERNATIONAL LLC,

        Defendant.

Civil Action No. 3:16-CV-421 JVB

## OPINION AND ORDER

Pro se Plaintiff John Chmielewski sued his employer, Defendant TMS International LLC ("TMS") for withholding taxes from his wages pursuant to instructions from the IRS in a "lock-in" letter to TMS. He asks the court to order TMS to honor his claim of exempt status on his W-4 withholding certificate by ceasing to withhold taxes and returning all taxes it has withheld since January 15, 2016. TMS has filed a motion to dismiss his complaint (DE 7) for lack of subject matter jurisdiction and failure to state a claim as well as a motion for attorney's fees and costs (DE 9). For the following reasons, both motions are **GRANTED**.

**A.    Motion to Dismiss**

Plaintiff's nineteen-page complaint is short on facts and long on ill-advised legal assertions. However the basic facts are that in 2015 he submitted a W-4 withholding certificate to TMS claiming exemption from taxes. In November 2015, the IRS notified him that it had instructed his employer not to honor his Form W-4 and to withhold income tax from his wages

on the basis of a single marital status and zero withholding allowances. (Compl. Ex.F, DE 1-1 at 18–21).[1] He argues in his complaint that tax withholding is voluntary and that his income from employment is not wages. In his response to Defendant's motion he reiterates these arguments and also claims that his W-4 withholding certificate is a contract between himself and TMS that he claims TMS breached.

The myriad arguments Plaintiff raises have insufficient merit to warrant discussion. In any case, the complete answer to Plaintiff's complaint is *Edgar v. Inland Steel Co.*, 744 F.2d 1276 (7th Cir. 1984). In that case taxpayers sued their employer after the IRS instructed it to resume withholding income taxes notwithstanding the exemption certificates the taxpayers had filed. The district court granted the employer's motion to dismiss the complaint without discussion. In affirming the decision, the Seventh Circuit stated:

> This lawsuit represents yet another disturbing example of a patently frivolous appeal filed by abusers of the tax system merely to delay and harass the collection of public revenues. Employees have no cause of action against employers to recover wages withheld and paid over to the government in satisfaction of federal income tax liability.

*Id.* at 1278.

For the same reason, the Court **GRANTS** Defendant's motion to dismiss (DE 7), with prejudice. Because Plaintiff's claims are incurably deficient, he will not be given leave to file an amended complaint.

B.    **Motion for Attorney's Fees and Costs**

---

[1] The IRS is authorized by federal regulation to issue notice to an employer that an employee is not entitled to exemption from withholding as stated in his withholding certificate if it determines that the withholding certificate contains a materially incorrect statement. 26 C.F.R. § 31.3402(f)(2)–1(g)(ii)(2)(A). The employer must withhold tax in accordance with the notice. 26 C.F.R. § 31.3402(f)(2)–1(g)(v).

Plaintiff has filed no response to TMS's motion for attorney's fees and costs. Because the Court finds, just as the Seventh Circuit did in *Edgar*, that this suit is patently frivolous, the Court determines that an award to Defendant of attorney's fees and costs is merited, just as the court did in *Edgar*. Accordingly, the motion (DE 9) is **GRANTED**. Defendant shall, within fourteen days of the filing of this order, file with this Court documentation as to the fees and costs it has incurred. Plaintiff shall have seven days thereafter to respond to Defendant's filing but he may contest only the reasonableness of the amounts claimed. By failing to respond to the motion, he has forfeited the right to contest the merits of the decision to award attorney's fees and costs to Defendant.

SO ORDERED on December 8, 2016.

s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division